**Joanie L. ABERNATHY,
Petitioner/Appellant,**

v.

**Lawrence Ray WHITLEY, District Attorney General for the Eighteenth Judicial District, Respondent/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 24, 1992.

Rehearing Denied May 8, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 24, 1992.

John E. Herbison, Nashville, for petitioner/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jerry L. Smith, Deputy Atty. Gen., Nashville, for respondent/appellee.

## OPINION

TODD, P.J.

The plaintiff, Joanie L. Abernathy, has appealed from the judgment of the Trial Court sustaining her petition for access to public records of the defendant, Lawrence Ray Whitley, District Attorney General, except for such parts of said records as constitute investigative records of the Tennessee Bureau of Investigation (T.B.I.) and denying attorney's fees to plaintiff.

Plaintiff requested access to records of defendant in regard to the prosecution of one David Carl Duncan for designated offenses.

The request was refused on the grounds that post conviction relief applications were pending in respect to convictions obtained in each of the designated prosecutions.

The present suit was filed to enforce such access pursuant to T.C.A. § 10–7–505,

asserting that T.C.A. § 10–7–504(a)(2) (exempting TBI records) is unconstitutional as violative of the *Tennessee Constitution,* Article I Sec. 8 (no deprivation of liberty or privileges but by judgment of peers or law of the land); Article I Sec. 19 (Freedom of Speech and Press), and Article XI, Sec. 16 (Exception of Bill of Rights from powers of government.) The complaint also prays for attorney's fees.

The answer of defendant asserted:

1. Access to records is sought in aid of post-conviction proceedings wherein discovery is not available.

2. The records in question are confidential and subject to the work product rule.

3. T.B.I. materials should remain confidential.

4. T.C.A. § 10–5–503(a)(2) is not unconstitutional.

5. No attorney's fees should be assessed.

The Trial Court ruled:

1. Plaintiff was entitled to inspect all of the subject records except those belonging to T.B.I.

2. Plaintiff was not entitled to inspect T.B.I. records.

3. T.C.A. § 10–7–504(a)(2) is constitutional.

4. Defendant's refusal of access was not "willful" within the meaning of T.C.A. § 10–7–505(g).

5. No attorneys' fees should be awarded.

Plaintiff's first issue is:

Whether Tennessee Code Annotated § 10–7–504(a)(2), which exempts investigative records of the Tennessee Bureau of Investigation from disclosure and inspection pursuant to the Public Records Act, constitutes a prohibited restraint upon the right of every person to examine the proceedings of any branch or officer of the government contrary to Article I, § 19 of the Constitution of the State of Tennessee or is contrary to the "Law of the Land" clause of Article I, § 8 thereof.

T.C.A. § 10–7–504 is part of Tennessee's Public Records Law, Chapter 7 of Title 10 of the Code. Part 5 of said chapter is entitled "Miscellaneous Provisions". Section 10–7–503 is entitled: "Records Open to Public Inspection—Exceptions". Paragraph (a) of said section provides:

All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10–7–404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Paragraph (b) relates to regulations regarding confidentiality of adoption proceedings.

Section 10–7–504 is entitled, "Confidential Records". Paragraph (a)(1) of said section denies public inspection of medical records in state facilities, and records of sources of body parts used in transplantation.

Paragraph (a)(2) of said section, which is the subject of this appeal, reads as follows:

All investigative records of the Tennessee bureau of investigation, all criminal investigative files of the motor vehicle enforcement division of the department of safety relating to stolen vehicles or parts, and all files of the drivers' license issuance division of the department of safety relating to bogus drivers' licenses issued to undercover law enforcement agents shall be treated as confidential and shall not be open to inspection by members of the public. The information contained in such records shall be disclosed to the public only in compliance with a subpoena or an order of a court of record; however, such investigative records of the Tennessee bureau of investigation shall be open to inspection by elected members of the general assembly if such inspection is directed by a duly adopted resolution of either house or of a standing or joint committee of either house. Records shall not be available to any member of the executive branch except those directly involved in the investigation in the Tennessee Bureau of Investigation itself and the Governor himself. The bureau, upon written request by an authorized person of a state governmental agency, is authorized to furnish and disclose to the requesting agency the criminal history, records and data from its files, and the files of the federal government and other states to which it may have access, for the limited purpose of determining whether a license or permit should be issued to any person, corporation, partnership or other entity, to engage in an authorized activity affecting the rights, property or interests of the public or segments thereof.

Paragraph (a)(3) denies access to certain military records. Paragraph (a)(4) denies access to certain records of public educational institutions. Paragraph (a)(5) denies access to certain records of the Attorney General and Reporter. Paragraph (a)(6) denies access to certain state records of value of property to be acquired for a public purpose. Paragraph (a)(7) denies access to certain records relating to proposals for state contracts. Paragraph (a)(8) has been deleted. Paragraph (a)(9) denies access to certain records of the Departments of Correction and Youth Development. Paragraph (a)(10) denies access to certain records of the State Veterinarian. Paragraph (a)(11)(A) denies access to certain records of Tennessee Venture Capital Network. Paragraph (d) of said section denies access to certain state employee records.

Cross references annotated under T.C.A. § 10–7–504 include some sixty-six other types of records which are classified as confidential and to which public access is forbidden or limited by statute.

The Attorney General and Reporter has opined that a District Attorney General does not have discretion to disclose Tennessee Bureau of Identification investigative records to a city council, citing T.C.A. § 10–7–504(a)(2). Opinions of Attorney General 87–62, April 8, 1987.

Appellant cites Article I, Section 19 of the *Tennessee Constitution* which guarantees freedom of speech and press. No connection of said section with the present controversy is demonstrated. The rights of news media to access to public records are synonymous and concurrent with that of the public at large.

Appellant has no constitutional right to examine public records. That right has been conferred upon her and all members of the public by statute enacted by the General Assembly. The same General Assembly has, by general law, limited the statutory rights of appellant and the public. The General Assembly has the power to create, limit or abolish a right which is not conferred by the Constitution.

There is no generally recognized state or federal constitutional right of access to public records. *In re Black Panther Party v. Kehoe*, 39 Cal.App.3d 900, 114 Cal. Rptr. 725 (1974); *In re Midland Publishing Co., Inc.*, 420 Mich. 148, 362 N.W.2d 580 (1984).

Appellant's arguments about the constitutional right to freedom of expression are not appropriate or relevant to a controversy about the constitutionality of a statute which limits a statutory right of access to public records. Freedom of expression and freedom of access to records are two entirely separate rights, although they are interrelated.

Appellant cites *Press, Inc. v. Verran*, Tenn.1978, 569 S.W.2d 435, 442 (1978). This was a libel action in which access to public records were not involved. The Court said:

> The only issue before us for determination is whether respondent was a public official or public figure.

It is true, as insisted by appellant, that an individual citizen has as much right of access to public records as the news media. However, no authority is found which grants news media or the public access to records declared confidential by statute.

Appellant argues "a strong societal interest" in opening the T.B.I. files to the public, but the Courts have no authority to repeal or ignore legislative enactments for this reason.

Appellant refers to the death penalty which has been imposed upon the client of plaintiff, but this is immaterial, for this suit is not brought in the name of the client of plaintiff, but in her own name as a member of the public.

Appellant argues the ethical duty of the prosecutor to disclose exculpatory evidence to the accused. Neither the plaintiff nor her client is an accused at this time. Until the plaintiff occupies such a status, her arguments as to the duty of the prosecutor to the accused are irrelevant.

Plaintiff argues the duty of an attorney seeking to invalidate a death sentence. Such duty does not confer a right to access which is forbidden by statute.

Appellant cites authorities regarding access to city police records; but such records are generally within the "access statute", and are not included in the "confidential", or "non-access statute". Such authorities are therefore irrelevant to the issue in this appeal.

Appellant argues that Article I, Section 19 of the *Tennessee Constitution* prohibits laws restraining access to public records. No authority is cited or found to support this argument, and a careful reading of the said section on "Freedom of Speech and Press" fails to disclose any support for this argument.

Appellant argues for the "strict scrutiny analysis", but no constitutional right to examine public records is demonstrated, so there is no basis for evaluation of a statute which does not impinge upon a constitutional right.

No merit is found in appellant's first issue.

■ Appellant's second, and last, issue is:

> Whether the trial court abused his discretion in denying the Petitioner's request for attorney's fees where the Respondent's refusal to permit inspection of public records was manifestly inconsis-

tent with existing law to which the Respondent was specifically directed.

T.C.A. § 10–7–505(g) states:

If the court finds that the governmental entity, or agent thereof, refusing to disclose a record knew that such record was public and willfully refused to disclose it, the court may, in its discretion, assess all reasonable costs involved in obtaining the record, including reasonable attorney's fees, against the nondisclosing governmental entity.

The Trial Judge found as a fact that the refusal of access to defendant's records was not willful.

At the time of the demand for access, a trial court had held that police records were available to the public despite the pendency of post-judgment proceedings in the prosecution involving such records. However, an appeal was pending in respect to said decision, and the defendant took a position consistent with the position of the State in the pending appeal. The judgment of the Trial Court and this Court has vindicated the position of the defendant on the T.B.I. records. Therefore, the only criticism of defendant must be his adherence to the position of the State despite a contrary trial court decision as to which an appeal was pending before the appellate courts.

This Court agrees with the Trial Court that defendant was justified in the actions taken by him under the circumstances, that his refusal of access to his records was not willful, and that attorney's fees were correctly refused.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for collection of costs.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.