IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## OLIVER J. HIGGINS v. MARK GWYNN, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 1013131II     Carol L. McCoy, Chancellor**

---

**No. M2011-00553-COA-R3-CV - Filed January 23, 2012**

---

Petitioner who sought judicial review of the Tennessee Bureau of Investigation's denial of his request for disclosure of investigative records pursuant to the Tennessee Public Records Act appeals the trial court's dismissal of the petition. Finding that the records requested are excepted from disclosure, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Oliver J. Higgins, Pine Knot, Kentucky, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

Oliver J. Higgins ("Petitioner") filed a request with the Tennessee Bureau of Investigation ("TBI") pursuant to the Tennessee Public Records Act seeking access to "information generated and/or maintained by [TBI] as a result of a State/Federal Joint Task Force targeting narcotics in and around the Jackson (Madison County) Tennessee area dating back to on or about September 9, 2006." The custodian of records of TBI denied Mr. Higgins' request on the basis that investigative records of TBI were confidential and not open for inspection.

Mr. Higgins then instituted the proceeding giving rise to this appeal by filing a Petition for a Writ of Mandamus in Davidson County Chancery Court in accordance with

Tenn. Code Ann. § 10-7-505(a). TBI responded to the petition in the manner required by Tenn. Code Ann. § 10-7-505(b), relying upon the exception from disclosure of TBI records contained at Tenn. Code Ann. § 10-7-504(a)(2)(A)[1] and contending that the denial was appropriate. The court upheld TBI's denial of the records request and dismissed the petition; the court held that the records sought were investigative records of the TBI within the purview of Tenn. Code Ann. § 10-7-504(a)(2) and, consequently, excepted from disclosure.

Mr. Higgins appeals, contending that the trial court erred by interpreting the statute as being an absolute bar to the disclosure of the records; he asserts that the court did not "consider relevant factors or conduct any analysis whatsoever with respect to the possibility that Appellant had presented a case that justified disclosure." Mr. Higgins urges this Court to vacate the decision and remand the case for the Chancery Court to "conduct the necessary findings of fact and conclusions of law to determine if the TBI's reliance on Tenn. Code Ann. § 10-7-504(a)(2) is appropriate in this case."

Discussion

Tenn. Code Ann. § 10-7-503[2] allows for public access to governmental records. As set forth in the statute, however, access may be refused where "otherwise provided by state law." In adopting Tenn. Code Ann. § 10-7-504 (a)(2)(A), the Legislature determined that access to TBI investigative records would not be allowed. Mr. Higgins contends that, notwithstanding the statutory exception, his records request should have been granted for several reasons: (1) TBI failed to follow the law when it "brazenly answered the Appellant's TPRA request by claiming 'we are not subject to FOIA'"; (2) that "prisoners seeking

---

[1] Tenn. Code Ann. § 10-7-504 (a)(2)(A) states in pertinent part:

(2)(A) All investigative records of the Tennessee bureau of investigation . . . shall be treated as confidential and shall not be open to inspection by members of the public. The information contained in such records shall be disclosed to the public only in compliance with a subpoena or an order of a court of record; . . .

[2] Tenn.Code Ann. § 10-7-503(a)(2)(A) provides:

(a) All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tennessee law enforcement records related to corrupt public servants are entitled to such requests under the TPRA"; (3) that "it should be public policy of the State of Tennessee that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public servants"; and (4) that "the public's interest in disclosure outweighs the agency's claim to exemption."

Initially, we note that the sole basis of Mr. Higgins' records request and the jurisdictional basis of the petition for review of the denial of the request was the Tennessee Public Records Act. The Freedom of Information Act is a federal statute, 5 U.S.C. § 552, which is not at issue in this case. Access to records of state, county and local governments in Tennessee is pursuant to the Tennessee Public Records Act and the TBI correctly advised Mr. Higgins that his record request was not subject to the Freedom of Information Act.

The remaining contentions of Mr. Higgins are equally unavailing. The right to examine public records in Tennessee is entirely a matter of statute. *Abernathy v. Whitley*, 838 S.W.2d 211 (Tenn. Ct. App. 1992). The statute excepting investigative records of the TBI from disclosure is clear and unambiguous; the only disclosure of TBI investigative records permitted, applicable to the facts of this case, is pursuant to a subpoena or court order.[3] As the TBI correctly notes, there is no "public interest" exception to Tenn. Code Ann. § 10-7-504(a)(2)(A) and the cases cited by Mr. Higgins do not establish that TBI investigative records should be treated in any fashion other than that specified in the statute.

In light of the clear statutory language declaring the records requested by Mr. Higgins to be confidential and excepting them from disclosure, the court was not required to hold a hearing. The order upholding the denial of the request and dismissing the petition adequately sets forth the factual and legal basis in compliance with Tenn. Code Ann. § 10-7-505(d).

Conclusion

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[3] TBI investigative records can also be accessed when directed by resolution of the General Assembly or a committee of the Legislature, by the Governor, or by persons directly involved in investigations in the agencies specified in the statute. Tenn. Code Ann. § 10-7-504(a)(2)(A).